CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
3745 Edison Avenue
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 435-6659

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN M. GAMSON,

**Plaintiff,**

vs.

KRAVITZ, SCHNITZER & SLOANE CHTD,
a Nevada professional corporation, and
JEFFREY G. SLOANE, an individually,
DOES I-V, inclusive and ROE Corporations
VI-X, inclusive,

**Defendants.**

**CASE NO.:** CV-S-03-1328 KJD (PAL)

**ERRATA TO**

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REQUEST FOR SUPPLEMENTAL AWARD OF ATTORNEY FEES**

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

COMES NOW, Plaintiff STEVEN M. GAMSON, by and through his attorney, Craig B. Friedberg, and submits his Errata to his Reply to Defendants' Opposition to His Motion for Attorney's Fees and Request for a Supplemental Award for Attorneys Fees.

This errata is necessitated because Plaintiff inadvertently submitted a certificate of service that was used for his original motion for attorney fees, filed and served on July 7, 2004. Attached is the corrected certificate of service showing that the Reply to Defendants' Opposition to His Motion for Attorney's Fees and Request for a Supplemental Award for Attorneys Fees was mailed to Defendants on April 8, 2005. Additionally there were a number of typographical errors which needed correcting.[1]

---

[1] The following changes have been made to the attached reply brief, *infra*.

| Page | Line | Description |
|------|------|-------------|
| 2 | 4 | between the words "in" and "was" "actually," changed to "actuality." |
| 3 | 10 | between "9.9" and "@", inserted the word "hours" |
| " | 11 | deleted 1st "$" from in front of "3,468.00." |
| " | 12 | between the letters "t" and "i" in "pointin", inserted a space |
| " | 23 | between the words "cannot" and "now", deleted word "be" |

(continued...)

Law Office of
CRAIG B. FRIEDBERG, ESQ.
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-8689

1  The complete document (with the proper certificate of mailing and the
2  corrections of the typographical errors) was served by mail on Defendants on April 8,
3  2005.  In order to facilitate a review of the brief as it should be, Plaintiffs have attached
4  the entire reply brief, with exhibits and the corrections noted above, as Exhibit "1" to this
5  errata.
6  DATED this 11th day of April 2005.
7  Respectfully submitted,
8
9
10
CRAIG B. FRIEDBERG, ESQ.
11  3745 Edison Avenue
Las Vegas, Nevada 89121
12  Attorney for Plaintiff

## CERTIFICATE OF SERVICE

13
14  The undersigned, hereby certifies that on the 11th day of April 2005, the
15  foregoing Errata to Reply to Defendants' Opposition to Plaintiff's Motion For Attorney's
16  Fees and Request for Supplemental Award of Attorney's Fees was deposited in the U.S.
17  Mail, first class, postage prepaid, addressed to the following:
18
19  Jane Eberhardy, Esq.
Regina M. McConnell, Esq.
20  KRAVITZ, SCHNITZER & SLOANE, CHTD.
1389 Galleria Drive,  #200
21  Henderson , NV 89014
Attorneys for Defendants
22
23
_____
Designee for Craig B. Friedberg, Esq.
24

25
26  [1](...continued)

| Page | Line | Description |
|------|------|-------------|
| 4 | 4 | between the words "for" and "protection", changed "bankryuptcy" to "bankruptcy" |
| 5 | 7 | between the words "ruling" and "Heintz", changed "on" to "in" |
| 6 | 11&15 | changed "SLAON" to "SLOANE" |
| " | 13 | between the words "FDCPA" and "filing", inserted "and" |
| " | 14 | between the words "request," and "signing", changed "and" to "to" |

- 2 -

CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
3745 Edison Avenue
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 435-6659

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN M. GAMSON,

    **Plaintiff,**

vs.

KRAVITZ, SCHNITZER & SLOANE CHTD,
a Nevada professional corporation, and
JEFFREY G. SLOANE, an individually,
DOES I-V, inclusive and ROE Corporations
VI-X, inclusive,

    **Defendants.**

**CASE NO.:** CV-S-03-1328 KJD (PAL)

**REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES
AND REQUEST FOR
SUPPLEMENTAL AWARD OF
ATTORNEY FEES**

COMES NOW, Plaintiff STEVEN M. GAMSON, by and through his attorney, Craig B. Friedberg, and submits his reply to Defendants' opposition to his Motion for Attorney's Fees and further requests a supplemental award for attorneys fees expended upon this motion. This reply is based on the Memorandum of Points and Authorities incorporated herein and the pleadings and papers on file heretofore.

DATED this 8th day of April 2005.

Respectfully submitted,

CRAIG B. FRIEDBERG, ESQ.
3745 Edison Avenue
Las Vegas, Nevada 89121
Attorney for Plaintiff

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

## I.

## THE ATTORNEY FEES REQUESTED ARE REASONABLE AND SHOULD BE AWARDED

The central rationale for Defendants' opposition to Plaintiff's motion for attorney fees is that the March 15, 2004 offer of judgment Plaintiff accepted was for the same amount that Defendants offered Plaintiff on December 8, 2003. Accordingly, goes Defendants' argument, no attorney time after December 8, 2003 should be awarded. The premise, however, is just not true.

The December 8, 2003 letter offer of judgment is attached to Defendants' opposition brief as exhibit 1. The offer is for a total of $2,000.00, **including,** attorney's fees and costs. It specifically broke out the offer as $1,000.00 for statutory damages, $500.00 for actual damages, and $500.00 "for both costs of this action as well as for your attorneys' fees." The attorney fees component, in actuality, was in the amount of $129.32 after subtracting the filing fee ($150.00) and the service of process fees ($220.68) which were so high because Defendants refused to respond to Fed.R.Civ.P. (FRCP) 4 requests for waivers of service of process received on January 5, 2004, and then tried to evade personal service. See Affidavit of Service on Defendant JEFFREY G. SLOANE (SLOANE), dated March 9, 2004 and Affidavit of Service on Defendant KRAVITZ, SCHNITZER & SLOANE (KS&S), dated February 19, 2004, attached hereto as Exhibit "1" and incorporated by reference herein. As of December 8, 2003, Plaintiff's counsel had spent 9.5 hours @ $200.00/hr representing the Plaintiff. This comes to $1,900.00, more than fourteen times(14 x) the amount Defendants were offering.

On the other hand, Defendants March 15, 2004 formal offer of judgment was for $2,000.00 "**exclusive of all interest and attorney's fees.**" (Emphasis added.) In a follow-up conversation with defense counsel on March 26, 2004, it was confirmed that the intent of this offer of judgment was to have the issue of the amount of attorney's fees

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

- 2 -

1  and costs Defendants would pay left to the Court to decide.  This understanding was set

2  forth in a letter written by Plaintiff's attorney to defense counsel on April 1, 2004,

3  attached hereto as Exhibit "2", and incorporated by reference herein.[1]  Thus, it is illogical

4  and a misrepresentation for Defendants to assert that Plaintiff's acceptance of the March

5  15, 2004 offer of judgment should somehow limit the award of attorney's fees to only the

6  time expended before December 8, 2003.

7      **It is very important to note that in that April 1, 2004 letter, Plaintiff's**

8  **attorney offered to compromise the attorney's fees and costs to $2,500.00.**

9  This offer was made despite the fact that 16.1 hours had been expended before the offer

10  of judgment, with 9.9 hours @ $200.00/hr and 6.2 hours @ $240.00/hr. for a total

11  amount of $3,468.00.  Add to this costs in the amount of $382.93, and the total fees and

12  costs expended at that point in time was $3,850.93.  Plaintiff's offer was, in fact, an offer

13  to accept a reduction of thirty-five percent (35%) from the amounts outstanding at that

14  time.

15      Defendants refused to accept Plaintiff's offer and instead filed a wholly frivolous

16  motion to transfer venue, which had to be extensively researched and opposed.  With

17  respect to the time expended post-acceptance of the offer of judgment, if Defendants

18  had merely waited for the appointment of Plaintiff's attorney as special counsel to file

19  the acceptance and then wait for the motion for attorney's fees, the amount of time

20  expended would have been considerably less.

21      However, that was not what Defendants chose to do.  Instead, they have blocked

22  and opposed Plaintiff at every step.  As it was in response to Defendants' litigation

23  tactics which caused the expenditure of time they now complain of, they cannot be now

24  state that Plaintiff should not have spent the time necessary to protect his interests.

25      With respect to Defendants' objection to the small amount of time included in

26

27  ────────────

28  [1] "It is agreed that amounts for interest, costs and attorney's fees, pursuant to §1692k(a)(3), are not included in the offer and are in addition to that amount."

*Law Office of*
CRAIG B. FRIEDBERG, ESQ.
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 435-8859

- 3 -

Mr. Friedberg's time sheets which included communications with Plaintiff's bankruptcy

counsel or Bankruptcy trustee, these communications were made necessary because of

Defendants' tactics.  Mr. Friedberg did not include time spent solely as a consequence of

Plaintiff filing for bankruptcy protection; although Defendants have not provided any

authority to support their assertion that the time should not be considered by the Court.

## II.

### DEFENDANTS HAVE NEITHER PROCEDURALLY NOR SUBSTANTIVELY DEMONSTRATED THE NEED FOR THE JUDGMENT AGAINST SLOANE TO BE SET ASIDE

Defendants also seek to resurrect their motion to dismiss a year after it was

rendered moot by the entry of judgment in this action.  It first must be pointed out that

Defendants voluntarily presented GAMSON with an Offer of Judgment that was on

behalf of **both** SLOANE and KS&S, jointly and severally.  Moreover, their request is

actually a disguised attempt to move the court to set aside the judgment entered against

SLOANE without presenting any of the requirements set forth in FRCP 60(b).  This

failure, alone, is reason enough to deny Defendants' request.

In addition to the procedural deficiencies in Defendants' request, it is also

substantively unsupportable.  The fact that SLOANE is a shareholder in KRAVITZ,

SCHNITZER & SLOANE has no impact on his liability.  In no document filed on behalf

of the Defendants, does Mr. SLOANE dispute the fact that he is a debt collector, as that

term is defined in the FDCPA.

The FDCPA states:

> The term "debt collector" means any person who uses any
> instrumentality of interstate commerce or the mails in any
> business the principal purpose of which is the collection of
> any debts, or who regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or asserted to be
> owed or due another.

15 U.S.C. §1692a(6).

Attorneys collecting debts through litigation may be included in the definition of

"debt collector." *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

*Law Office of*
CRAIG B. FRIEDBERG, ESQ.
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-8859

- 4 -

In *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1511 (9th Cir. 1994), the Court stated: "Attorneys, like all other persons, are subject to the definition of "debt collector" in 15 U.S.C. § 1692a(6)."

The corporate form does not insulate individual debt collectors involved in the collection from liability under the FDCPA. To so rule, undermines the purpose of the FDCPA and disregards the ruling in *Heintz v. Jenkins*.

Officers and employees directly involved in the collection through a collecting agency may be jointly and severally liable with the agency. *Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681 (E.D.Pa. 2003). In *Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681, 689 the individual attorney defendants also argued no individual employee liability but the court held for the plaintiff as follows:

> Other district courts have held that officers and employees of the debt collecting agency may be jointly and severally liable with the agency. See <u>Musso v. Seiders</u>, 194 F.R.D. 43, 46- 47 (D.Conn.1999) ("A high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector."); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1336-37 (D.Utah 1997) (finding that a collection firm's attorney was personally liable under the FDCPA after meeting the definition of a debt collector); <u>Teng v. Metropolitan Retail Recovery, Inc.</u>, 851 F.Supp. 61, 67 (E.D.N.Y.1994) (same); <u>West v. Costen</u>, 558 F.Supp. 564, 587 (W.D.Va.1983) (same). In determining that an employee could be liable under the FDCPA, the <u>Teng</u> court reasoned:
>> First, each employee is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect ... debts owed or due ... another...."
>> Second, Zapata and Soto are each affirmative actors and tortfeasors, who actually made the actionable phone calls, and would be personally liable if this was a tortious cause of action. Thus, the defendants Met Retail, Zapata and Soto are jointly and severally liable for the damages incurred by the plaintiff, if there is liability.
>
> <u>Teng</u>, 851 F.Supp. at 67. In this case, plaintiff has shown that the individual defendants both signed debt collection letters, or authorized others to sign the letters for them, and were involved in PLA's [Portnoff Law Associates] day to day operations. (Emphasis added).

See also *In re National Credit Management Group*, 21 F. Supp. 2d 424, 461

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435.7968 Telecopier (702) 435-6859

- 5 -

1  (D.N.J. 1998) (officers can be individually liable if they directly participated in the

2  violations; played a part in controlling, directing or formulating the policies and

3  practices which violate the law; or have authority to control the violators and actual or

4  constructive knowledge of the violations); *Ditty v. Checkrite, Ltd.*, 973 F.Supp. 1320,

5  1336-37 (D.Utah 1997)(district court found that a collection firm's attorney who

6  authored the unlawful collection letters satisfied the definition of debt collector and was

7  personally liable under FDCPA.)

8       The same reasoning applies to this case.  GAMSON does not seek to hold

9  SLOANE liable simply by virtue of his position with KS&S; rather, he alleges that

10  SLOANE is personally liable as a debt collector because his hand was in almost every

11  violation alleged by GAMSON in his complaint, from authoring the various letters

12  alleged to violate the FDCPA, filing the collection suit against GAMSON without ever

13  responding to GAMSON's dispute and verification request, and signing the last dunning

14  letter which was sent to GAMSON after SLOANE received GAMSON's written request to

15  cease and desist all further collection communications.  GAMSON adequately stated a

16  claim under the FDCPA against SLOANE in his individual capacity, and therefore, the

17  Defendants' request to set aside the judgment against SLOANE must be denied.

18       Moreover, SLOANE's reliance on the corporate shield doctrine is also erroneous.

19  As the First Circuit stated in *Northern Laminate Sales, Inc. v. Davis*, No. 04-1522,

20  2005 U.S. App. LEXIS 5244, ___ F.3d ___ (1st Cir. 2005), decided on April 1, 2005:

21       Davis also argued below that he could not be held personally
         liable for his actions as a corporate officer under the fiduciary
22       shield doctrine. . . . we pause briefly to note that the
         **"general rule . . . is that an officer of a corporation**
23       **'is liable for torts in which he personally**
         **participated, whether or not he was acting within**
24       **the scope of his authority.'"** Escude Cruz v. Ortho
         Pharm. Corp., 619 F.2d 902, 907 (1st Cir. 1980). Here, as
25       Davis personally participated in the alleged tortious activity,
         he is not protected by the fiduciary shield doctrine.
26       (Emphasis added.)

27       Likewise, the Ninth Circuit has recognized the exception set forth in <u>Escude Cruz</u>

28  in *Davis v. Metro Productions Inc.*, 885 F.2d 515 (9th Cir. 1989)(citing *Escude Cruz*, "

- 6 -

Law Office of
CRAIG B. FRIEDBERG, ESQ.
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 435-6659

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

1  ("Cases which have found personal liability on the part of corporate officers have

2  typically involved instances where the defendant was the 'guiding spirit' behind the

3  wrongful conduct, . . . or the 'central figure' in the challenged corporate activity.") This

4  exception also has been recognized in Nevada state law.  In *Grayson v. Jones*, 101 Nev.

5  749, 750, 710 P.2d 76 (1985), the Nevada Supreme Court stated that "[a] member of

6  [sic] professional legal corporation in Nevada is not individually liable for the tortious

7  acts of other members of that professional legal corporation **unless he/she**

8  **personally participated in those tortious acts**. (Emphasis added.)

9         Accordingly, Defendants have failed, both procedurally and substantively, to

10  provide any reason why the judgment against SLOANE should be set aside.

### III.

### PLAINTIFF IS ENTITLED TO A SUPPLEMENTAL AWARD OF ATTORNEY FEES FOR THE TIME EXPENDED UPON THIS MOTION

        The Affidavit submitted by Plaintiff's attorney in his original Motion detail the

time expended in this litigation through the preparation of that motion.  Any additional

time expended preparing this Reply Supporting the Motion for Attorney Fees will be

submitted when work of Plaintiff's counsel is completed.  An award of fees is

appropriate for the time expended in pursuing a Motion For Award Of Attorney Fees.

An award of fees is appropriate for the time expended in pursuing a motion for award of

attorney fees.  It has repeatedly been held in the Ninth Circuit that time spent by counsel

in establishing the right to a fee award is compensable.  *Clark v. City of Los Angeles*,

803 F.2d 987, 992 (9th Cir. 1986); *In Re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660

(9th Cir. 1985).[2]  Should there be additional briefing and oral argument Plaintiff's

_____

[2] *See also Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1500, 1501 (11th Cir. 1986). ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim."); *Johnson v. State of Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979). *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C. Cir. 1984) (hours reasonably devoted to request for fees are compensable); *Sierra Club v. EPA*, 769 F.2d 796 (D.C. Cir. 1985) (outside attorney compensated at reasonable rate for preparation of fee petition); *Schuenemeyer v. United*
(continued...)

- 7 -

1  counsel will submit another Supplemental Motion for Award of Attorney Fees and

2  Affidavits in support thereof.

3                                    **CONCLUSION**

4       Based upon the lodestar calculation, attorney fees should be awarded to Plaintiff's

5  counsel in the amount of $9,660.00.  A supplemental award of attorney fees should be

6  made to compensate Plaintiff's counsel for any additional time expended on this matter.

7

8

9  DATED this 8th day of April 2005.

10  Respectfully Submitted,

11

12

13

14  CRAIG B. FRIEDBERG, ESQ.
    3745 Edison Avenue
15  Las Vegas, Nevada 89121
    Attorney for Plaintiff

16

17

18

19

20

21

22

23        [2](...continued)
24  *States*, 776 F.2d 329, 333 (Fed. Cir. 1985) (attorney fees incurred in the preparation of fee
    application are compensable); *Tyler Business Services. Inc. v. N.L.R.B.*, 695 F.2d 73, 77 (4th Cir.
25  1982) (amount of recovery may include time spent preparing and prosecuting motion for attorney
    fees); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Gagne v. Maher*, 594 F.2d 336,
26  344 (2d Cir. 1979), aff'd on other grounds, 448 U.S. 122 (1979); *Weisenberger v. Huecker*, 593
    F.2d 49, 53,54 (6th Cir. 1979), cert. denied, 444 U.S. 880 (1979); *Prandini v. National Tea Co.*,
27  585 F.2d 47 (3d Cir. 1978); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Perez v. Perkiss*, 742 F.
28  Supp. 883, 891,892 (D. Del. 1990).

                                      - 8 -

*Law Office of*
CRAIG B. FRIEDBERG, ESQ.
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

**CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that on the 8th day of April 2005, the foregoing Reply to Defendants' Opposition to Plaintiff's Motion For Attorney's Fees and Request for Supplemental Award of Attorney's Fees was deposited in the U.S. Mail, first class, postage prepaid, addressed to the following:

KRAVITZ, SCHNITZER & SLOANE, CHTD.
1389 Galleria Drive,  #200
Henderson , NV 89014
Attorneys for Defendants

_____
Designee for Craig B. Friedberg, Esq.

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

- 9 -

**United States District Court**
**District of Nevada**

CASE NO:
**CV-S-1328-KJD-PAL**

Steven M. Gamson

      PLAINTIFF(S)

vs.

                                       **AFFIDAVIT OF**
                                         **SERVICE**

Kravitz Schnitzer &
Sloane Cht'd

      DEFENDANT(S)

STATE OF NEVADA
COUNTY OF CLARK

Jeff Gaddis, being first duly sworn, deposes and says: That affiant is, and was a citizen of the United States, over 18 years of age, and not a party to, nor interested in the proceeding in which this affidavit is made. That affiant received copies of the Summons and Complaint, on February 18, 2004 and served the same on February 19, 2004 at 10:15 PM, in the following manner:

By delivering and leaving a copy with Jeffrey G. Sloane, personally.

Said service was effected at: 533 Lambeth Court, Henderson, NV 89014.

*Service Note(s):*
Served on refusal. Affiant made eye contact with the defendant through front window. He positively identified Mr. Sloane through window. Defendant refused to open the door. Affiant served the said documents on refusal and yelled at defendant through the window that he had been served.

Jeff Gaddis, Process Server
License No: 999A

SUBSCRIBED AND SWORN TO before me
today Tuesday, March 9, 2004.

NOTARY PUBLIC

**Legal Express**
911 S. 1st St.
Las Vegas, NV, 89101
(702) 877-0200 , (702) 384-8170 Fax
mailto:legex@aol.com
License No(s): 999/999A

*Service Fees: $140.00*

*Prepared for:*
Craig B. Friedberg
3745 Edison Avenue
Las Vegas, NV 89121
*Legex Slip # 30214-Craig*

District of Nevada

| | |
|---|---|
| Steven M. Gamson | CASE NO:<br>CV-S-1328-KJD-PAL |
| PLAINTIFF(S) | |
| vs | |
| Kravitz Schnitzer &<br>Sloane Cht'd | AFFIDAVIT OF<br>SERVICE |
| DEFENDANT(S) | |

STATE OF NEVADA
COUNTY OF CLARK

Joseph Smith, being first duly sworn, deposes and says: That affiant is, and was a citizen of the United States, over 18 years of age, and not a party to, nor interested in the proceeding in which this affidavit is made. That affiant received copies of the Summons and Complaint, on February 18, 2004 and served the same on February 18, 2004 at 4:31 PM, in the following manner

By serving Kravitz Schnitzer & Sloane Cht'd by personally delivering and leaving a copy with Misty Stewart, Receptionist, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate or designation filed with the Secretary of State.

Said service was effected at: 1389 Galleria Drive, Suite 200, Henderson, NV 89014.



Joseph Smith, Process Server
License No: 999A

SUBSCRIBED AND SWORN TO before me
today Thursday, February 19, 2004.

NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
CRYSTAL C. BRADLEY
Appt. No. 02-78859-1
My App. Expires Nov. 14, 2006

**Legal Express**
911 S. 1st St.
Las Vegas, NV, 89101
(702) 877-0200 , (702) 384-8170 Fax
mailto:legex@aol.com
License No(s): 999/999A

Service Fees: $70.00

Prepared for:
Craig B. Friedberg
3745 Edison Avenue
Las Vegas, NV 89121
*Legex Slip # 30213-Craig*

LAW OFFICE OF

# Craig B. Friedberg, Esq.



3745 EDISON AVENUE
LAS VEGAS, NEVADA 89121
PHONE: (702) 435-7968   FAX: (702) 435-6659

April 1, 2004

**VIA FACSIMILE**                           **In accordance with FRE 408**

Abran A. Vigil, Esq.
KRAVITZ, SCHNITZER & SLOANE, CHTD.
1389 Galleria Drive, #200
Henderson , NV 89014

Re:   *Gamson v. Kravitz, Schnitzer & Sloane, et al.*
       CV-S-03-1328KJD(PAL)

Dear Mr. Vigil:

This letter is to confirm our conversation today that as Mr. Gamson filed for chapter 13 bankruptcy protection, you will agree to an extension of time on the offer of judgment if it comes from Bankruptcy Trustee Kathleen McDonald. I have spoken to hear and she has told me she will be contacting you before the end of the day.

Further, this letter will confirm that the $2,000.00 amount set forth in the offer of judgment is to compensate Mr. Gamson for his actual and/or statutory damages for the claims set forth in his Complaint. It is agreed that amounts for interest, costs and attorney fees, pursuant to §1692k(a)(3), are not included in the offer and are in addition to that amount.

I have previously explained that I have expended 10+ hours with this case, which include, but is not limited to,  conferences and communications with my client, an analysis of the facts as they relate to the multiple violations alleged, the drafting of a comprehensive pre-suit settlement demand letter, drafting of the complaint, drafting of request for waiver of service of summons by your clients and the return waiver form, follow-up correspondence regarding your clients' failure to waive service, communications with process server regarding your client's attempt to evade service, receipt and review of the two motions to dismiss, research regarding authorities and arguments presented in the motions and first draft of a response to the motions to dismiss.